IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

William Alexander Brown,      )
    Petitioner,              )
                              )
v.                            )    1:12cv293 (JCC/JFA)
                              )
W. Pixley,                    )
    Respondent.              )

## MEMORANDUM OPINION

William Alexander Brown, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of robbery, malicious wounding, and cutting or wounding in the commission of a felony following a jury trial in the Circuit Court for the City of Suffolk, Virginia. On July 17, 2012, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petitioner's claims must be dismissed.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the City of Suffolk, Virginia, entered on June 17, 2009. R. No. CR08001332-00. Following a jury trial, petitioner was convicted of robbery, malicious wounding, and cutting or wounding in the commission of a felony. Id. Petitioner was sentenced to a total term in prison of thirty-eight years, with twenty-six years suspended. Id.

Petitioner appealed his conviction to the Court of Appeals of Virginia, alleging that the

trial judge should not have credited the testimony of two jailhouse informants and that, therefore, the evidence was insufficient to find petitioner guilty beyond a reasonable doubt. R. No. 1506-09-1. The Court of Appeals denied the petition on January 26, 2010, finding no error with the trial court's credibility determination. Id. It found:

> The witness testimony fully supports the trial court's conclusion that appellant was an active participant and directly involved in the crimes. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty . . . .

Id. Petitioner then appealed his conviction to the Supreme Court of Virginia, which refused the appeal on July 26, 2010. R. No. 10383.

On December 8, 2010, petitioner filed a petition for writ of habeas corpus in the Circuit Court of the City of Suffolk, which dismissed the petition on May 20, 2011. R. No. CL10-1083. On August 29, 2011, petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising three grounds. R. No. 111576. The Supreme Court of Virginia dismissed the petition as untimely per Rule 5:17(a)(1) on October 3, 2011. Id.

On May 8, 2012, petitioner filed the instant petition, raising the following grounds:[1]

> (A) Ineffective Assistance of Counsel: that his trial attorney did not adequately raise the defense for certain charges that his companions used self-defense against the robbery victim;
>
> (B) Ineffective Assistance of Counsel: that his appellate attorney did not adequately raise the defense for certain charges that his companions used self-defense against the robbery victim; and
>
> (C) Due Process: that the circuit court violated his due process rights by convicting him on the malicious wounding charge, even though that charge that previously been dismissed.

---

[1] For pro se prisoners, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner certified that he placed his habeas petition in the prison mailing system on May 8, 2012. See Fed. Pet. at 14; ECF No.1.

Petitioner raised grounds (A) and (B) in his state habeas petitions, and the circuit court dismissed them under both the "performance" and "prejudice" prongs of the two-part test in Strickland v. Washington, 466 U.S. 668 (1984). R. No. CL10-1083. Ground (C) was not presented in petitioner's state habeas petitions or raised on direct appeal.

## II. Exhaustion and Procedural Bar

Petitioner's claims are procedurally defaulted, and respondent's Motion to Dismiss will be granted. In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515–19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910–11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275–78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991),

3

aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court.").

Additionally, when a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423–24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

A. Grounds (A) & (B): Ineffective Assistance of Counsel

As respondent correctly points out, grounds (A) and (B) are procedurally defaulted because petitioner did not timely appeal the order of the Circuit Court of the City of Suffolk dismissing his state habeas petition to the Supreme Court of Virginia. Petitioner presented grounds (A) and (B) to the Supreme Court of Virginia during his state habeas proceedings, so the claims are exhausted. However, the Supreme Court dismissed those claims as untimely per Rule 5:17(a)(1). The Fourth Circuit has held that a state finding of procedural default bars review and provides an independent and adequate ground for dismissal of a federal habeas petition. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). Therefore, these claims are procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a

4

fundamental miscarriage of justice would occur absent such review. Petitioner has made no such showing.

B. Ground (C)

Parker failed to exhaust his ground (C) because he did not present it to the Virginia Supreme Court on either direct appeal or state habeas review. This claim is exhausted for purposes of federal review because a "claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, if petitioner now were to attempt to bring this unexhausted claim before the Supreme Court of Virginia, it would be procedurally barred as both untimely under Virginia Code § 8.01-654(A)(2). The Fourth Circuit has held that the procedural default rule set forth in both § 8.01-654(A)(2) constitutes adequate and independent state-law grounds for decision. See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir 2000); Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Therefore, this claim is simultaneously exhausted and procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review. Because petitioner has failed to demonstrate either, this claim must be dismissed from the petition as simultaneously exhausted and procedurally defaulted.

5

## III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed. An appropriate Order shall issue.

Entered this 12th day of December 2012.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

6